1   Denise M. De Mory SBN 168076
    M. Elizabeth Day SBN 177125
2   Corey Johanningmeier SBN 251297
    Richard C. Lin SBN 209233
3   Hillary N. Bunsow SBN 278719
    Gareth E. DeWalt SBN 261479
4   BUNSOW DE MORY LLP
    701 El Camino Real
5   Redwood City, CA 94063
    Tel.: (650) 351-7248
6   Fax: (415) 426-4744
    ddemory@bdiplaw.com
7   eday@bdiplaw.com
    cjohanningmeier@bdiplaw.com
8   rlin@bdiplaw.com
    hillarybunsow@bdiplaw.com
9   gdewalt@bdiplaw.com

10  *Counsel for Plaintiff*
    *TOT Power Control, S.L.*

11

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13 IN RE SUBPOENA OF QUALCOMM INCORPORATED | Misc. Action No. '24CV0622 H    VET |
| 14 | |
| 15 | **TOT'S NOTICE OF MOTION AND MOTION TO COMPEL RULE 30(b)(6) TESTIMONY AND DOCUMENT PRODUCTION FROM THIRD PARTY QUALCOMM, INC.** |
| 16 | |
| 17 TOT POWER CONTROL, S.L., | Underlying Case: |
| Plaintiff, | |
| 18 v. | Case No. 21-cv-1302-MN |
| 19 APPLE INC., Defendant. | (Pending in the U.S. District Court for the District of Delaware) |
| 20 | |

MOTION TO COMPEL

## NOTICE OF MOTION AND MOTION

Plaintiff TOT Power Control, S.L. ("TOT") hereby moves, pursuant to Federal Rules of Civil Procedure 34(c), 37(a)(1) and 45, for an Order compelling certain limited discovery from third party Qualcomm, Inc. subpoenaed by TOT in *TOT Power Control, S.L. v. Apple Inc.*, Case No. 21-cv-1302-MN pending before the United States District Court for the District of Delaware.  TOT requests that this Court compel Qualcomm to provide a witness for a limited-scope 30(b)(6) deposition to authenticate, and establish the business record status of, documents and source code produced by Qualcomm.  To the extent it is not produced before this Motion can be heard, TOT also requests that this Court compel Qualcomm to produce a highly relevant document, linked in another document that Qualcomm recently produced.  This Motion is accompanied by a Memorandum of Points and Authorities, the declaration of Richard Lin and accompanying exhibits, and the proposed order submitted herewith.

This Motion is brought because Defendant Apple has refused to accept a contemplated authenticity and business records stipulation—one that both TOT and Qualcomm intended would eliminate the need for a custodian of records deposition prior to trial.  Because Apple will not waive rights it believes it may have to depose a custodian, TOT must act to ensure that such a deposition can occur.  This Motion is made following conferences between TOT and Qualcomm's counsel that

occurred several times, up to and including April 1, 2024.  Despite the necessity of filing this Motion before the close of discovery in the Delaware litigation on April 1, TOT intends to continue discussions with Qualcomm and Defendant Apple, Inc. in the hopes of reaching agreements that will render this Motion moot.

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF PLAINTIFF TOT'S MOTION TO COMPEL 30(B)(6) TESTIMONY AND DOCUMENT PRODUCTION FROM QUALCOMM, INC.**

## I.    INTRODUCTION

TOT Power Control, S.L. ("TOT") asks this Court to enforce a subpoena issued by TOT against non-party Qualcomm, Inc. in litigation in the District of Delaware.  Specifically, TOT requests (1) a limited-scope 30(b)(6) deposition of Qualcomm, Inc. to authenticate, and establish the business record status of, documents and source code produced by Qualcomm, and (2) production of a highly relevant document linked in another document produced by Qualcomm. After Apple refused to sign a proposed stipulation waiving challenges to authenticity and business records status, TOT requested a deposition—and Qualcomm failed to produce a witness for the requested deposition during the discovery period.  As such, TOT files this motion to compel.

In addition, Qualcomm produced a document mere hours before discovery would close.  TOT has not had a chance to review the document to confirm that Qualcomm has complied with its obligations under the subpoena, so includes the issue herein in the event the production is deficient.

## II.    STATEMENT OF FACTS

### A.    The underlying Delaware litigation and subpoenas to Qualcomm.

This Motion to Compel arises from three patent infringement lawsuits (collectively, the "OLPC Cases") brought by TOT Power Control, S.L. ("TOT") in the United States District Court for the District of Delaware against (1) Apple, Inc., (2) LG Electronics, Inc. and LG Electronics U.S.A., Inc., and (3) Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants").  TOT alleges infringement of two patents, U.S. Patent No. 7,532,865 and U.S. Patent No. 7,496,376.  The patents relate to Outer Loop Power Control ("OLPC"), a technology for wireless devices that allows for better management of the signal-to-interference ratio target values so that power, and consequently wireless channel capacity, are not wasted and call quality is maintained.  TOT alleges that the Defendants employ the patented OLPC technology through wireless baseband chips provided by non-party Qualcomm, Inc. ("Qualcomm").

On May 12, 2023, TOT served Qualcomm with amended Rule 45 subpoenas to produce documents and designate a corporate representative to testify in a

1  deposition on its behalf under Rule 30(b)(6).  Declaration of Richard Lin, Ex. A.[1]

2  On March 1, 2024, TOT served Qualcomm with a second amended Rule 45

3  subpoena to designate a corporate representative to testify in a deposition on its

4  behalf under Rule 30(b)(6).  *Id.*, Ex. B.  Qualcomm was in sole possession of

5  certain source code and technical documents required in the litigation.  Qualcomm

6  produced a number of engineering documents—and made available for review

7  certain specific source code libraries, from which TOT and Defendants printed

8  excerpts.  Qualcomm recently made a production of one document on March 29,

9  2024.  Lin Decl., Ex. C.  That document referenced another, as yet unproduced

10  document—which TOT immediately asked to be produced.  Qualcomm agreed it

11  would produce the referenced document.   There is no dispute about its potential

12  relevance.  Qualcomm produced another document a mere hours before the close

13  of discovery; TOT's review of that document is underway.

14

15

16

17

---

18  [1] TOT served an initial set of subpoenas on Qualcomm on May 12, 2023, with the place for compliance as Delaware.  TOT later agreed to serve amended subpoenas

19  with the place of compliance changed to San Diego, California, on the understanding that Qualcomm would treat the amended subpoenas as if served on

20  the same day as the originals.

MOTION TO COMPEL              3
QUALCOMM

**B.    Qualcomm failed to produce a witness for a 30(b)(6) deposition to authenticate and establish the business records status of the documents and source code it has produced.**

On March 13, 2024, TOT informed Qualcomm that it would seek testimony to authenticate the documents and source code that Qualcomm had produced and lay the foundation for the materials' admissibility under the Fed. R. Evid. 803(6) business records hearsay exception.  TOT informed Qualcomm that, in order to minimize the burden on Qualcomm, it would attempt to reach agreement with Apple that Qualcomm could provide a custodian of records declaration in lieu of deposition testimony.  Qualcomm indicated many times that it was willing to provide a custodian of records declaration, and that it was strongly opposed to a deposition where a declaration would suffice.  TOT worked with Qualcomm under this shared understanding to prepare a suitable declaration.  TOT reserved the right to take a custodian of records deposition of Qualcomm if the negotiations with Apple were unsuccessful.

TOT attempted to negotiate a stipulation with Apple waiving challenges to authenticity and business records status.  After weeks of negotiations with Apple, Apple refused to sign.  Thus, to avoid admissibility issues later, TOT requested dates from Qualcomm for a limited-scope 30(b)(6) deposition, to occur before the close of discovery on April 1, to authenticate and establish the business records status of the Qualcomm materials.  Qualcomm failed to produce a witness for the

MOTION TO COMPEL          4
QUALCOMM

1   requested deposition prior to the close of discovery.  At the eleventh hour,

2   Qualcomm indicated that it would make a witness available for deposition after the

3   close of discovery.  Discussions are ongoing.  Lin Decl., ¶ 5.

4       As a result of Qualcomm's failure to provide the requested deposition

5   testimony, and to preserve the issue of Qualcomm's production of documents, TOT

6   files this Motion to Compel.

7   **III.    LEGAL STANDARD**

8       Federal Rule of Civil Procedure 34(c) states that "[a]s provided in Rule 45, a

9   nonparty may be compelled to produce documents and tangible things or to permit

10  an inspection."  Fed. R. Civ. P. 34(c); *see also* Fed. R. Civ. P. 45(a) & (d);

11  *Greenspan v. County of San Diego*, 2014 WL 171653, at *1 (S.D. Cal. Jan. 9,

12  2014).  In addition, if a subpoenaed party fails to make a designation under Rule

13  30(b)(6), the requesting party may move for an order compelling a designation.

14  *See* Fed. R. Civ. Proc. 37(a)(3)(B)(ii); *see also* Fed. R. Civ. Proc. 30 & 45.

15      The scope of discovery for a third-party subpoena is the same as the scope

16  for party discovery pursuant to Federal Rule of Civil Procedure 34.  *See* Fed. R.

17  Civ. Proc. 45, Adv. Comm. Note to 1991 Amendment.  Parties may obtain

18  discovery about any non-privileged matter that is relevant to any parties' claim or

19  defense.  Fed. R. Civ. Proc. 26(b)(1).  "A District Court whose only connection

20  with a case is supervision of discovery ancillary to an action in another district

MOTION TO COMPEL                5
QUALCOMM

should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder.  Where relevance is in doubt… the court should be permissive."  *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N. D. Cal. 2006) (quoting *Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1206, 1211-12 (Fed. Cir. 1987)).

## IV.    ARGUMENT

### A.    Qualcomm Should be Compelled to Produce the Highly Relevant Document Related to its Prior Production.

The infringement alleged in the OLPC Cases concerns the operation of Qualcomm-provided baseband chips that control cellular communications between Defendants' handsets and cellular networks.  In its subpoena, TOT served the following document request on Qualcomm: "Documents and communications concerning the design and implementation of inner loop power control and outer loop power control in the Identified Chipsets."  Lin Decl., Ex. A at p. 13.

On March 29—three days before the close of fact discovery—Qualcomm produced a document identified as QCTOTVAPPLE01302_0011326.  The document references and links to another document, described as providing further information on the specific issue for which the single document was produced. TOT has made its ask as narrow as possible by identifying the single linked document via file name.  TOT understands that Qualcomm located the document.

Qualcomm produced a single document a mere hours before the close of discovery. TOT's review of this document is underway. The issue is included here solely in the event that Qualcomm's production did not satisfy its obligations under the subpoena.

**B. Qualcomm Should be Compelled to Produce a Witness to Authenticate Qualcomm Documents and to Establish They are Business Records**

Qualcomm has produced documents and source code that are highly relevant to TOT's infringement allegations in the Delaware litigation. TOT seeks to compel Qualcomm to produce a witness to testify on its behalf to confirm the admissibility of that evidence at trial. These questions fall under Topic 12 in TOT's Second Amended Subpoena: "The authenticity, source, and authorship of the documents produced in this litigation as well as the source code You made available for inspection, including the source code printouts in this action." Lin Decl., Ex. B at 5. The scope of the requested deposition will be limited. First, TOT will ask questions to establish whether the documents and source code that Qualcomm produced meet the authenticity requirements of Federal Rules of Evidence 901 and 902. Second, TOT will ask questions to establish whether the Qualcomm materials are business records that fall under the hearsay exception of Federal Rule of Evidence 803(6).

1   The OLPC litigations have reached a discovery deadline, and fact discovery

2   closes April 1.  It is imperative that TOT be permitted to depose Qualcomm now so

3   that it can confirm that the Qualcomm materials, some of which it may rely on at

4   trial, will ultimately be admissible at trial.  If this Court does not compel the

5   deposition now, TOT will be forced to wait until it is preparing for trial to see

6   whether Apple will challenge the authenticity or business records status of the

7   materials.  If Apple does object, TOT will need to take a deposition of Qualcomm

8   in the middle of its trial preparation, and/or it will need to subpoena Qualcomm to

9   provide trial testimony.  Both scenarios would majorly disrupt TOT's trial

10  preparations and would burden Qualcomm.

11  Further, establishing authenticity and business-record status of the

12  Qualcomm materials ahead of time will expedite admission at trial and conserve

13  both judicial and party resources.  This sort of stipulation is routinely entered, and

14  Apple has provided no legitimate reason to refuse or delay entering it.  Apple's

15  strategic refusal forces the issue of seeking testimony, which TOT understands to

16  be required (if not waived).

17  Conversely, the burden on Qualcomm will be minimal.  The scope of the

18  deposition will be narrow.  TOT is willing to send its proposed questions to

19  Qualcomm in advance to streamline Qualcomm's preparation.  TOT will

20  accommodate the schedule of Qualcomm's witness and take the deposition

MOTION TO COMPEL              8
QUALCOMM

remotely if Qualcomm prefers.  Apple is not prejudiced as it has had substantial time to review Qualcomm's production to identify any concerns as to authenticity or admissibility, and it can attend the deposition and question Qualcomm's witness about any concerns.

At the eleventh hour, Qualcomm indicated that it would make a witness available for deposition after the close of discovery.  Discussions are ongoing.

## V.    CONCLUSION AND RELIEF REQUESTED

Pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, TOT respectfully requests that this Court transfer this Motion to the District of Delaware, where the OLPC Cases are pending, for final resolution.

Alternatively, if this Court prefers to resolve this Motion, TOT respectfully requests the Court issue an order compelling Qualcomm to (1) produce the document cited by TOT, if Qualcomm has not already done so, and (2) designate a witness for a limited-scope 30(b)(6) deposition regarding the authenticity and business records status of materials it has produced in the Delaware litigation, if Qualcomm has not already done so.

Dated: April 1, 2024                    Respectfully submitted,

                                        */s/ Richard Lin*

                                        Denise M. De Mory SBN 168076
                                        M. Elizabeth Day SBN 177125
                                        Corey Johanningmeier SBN 251297
                                        Richard C. Lin SBN 209233
                                        Hillary N. Bunsow SBN 278719
                                        Gareth E. DeWalt SBN 261479
                                        BUNSOW DE MORY LLP
                                        701 El Camino Real
                                        Redwood City, CA 94063
                                        Tel.: (650) 351-7248
                                        Fax: (415) 426-4744
                                        ddemory@bdiplaw.com
                                        eday@bdiplaw.com
                                        cjohanningmeier@bdiplaw.com
                                        rlin@bdiplaw.com
                                        hillarybunsow@bdiplaw.com
                                        gdewalt@bdiplaw.com

                                        *Counsel for Plaintiff*
                                        *TOT Power Control, S.L.*

## <u>PROOF OF SERVICE</u>

I, Richard Lin, declare:

I am a citizen of the United States and employed in San Mateo County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 701 El Camino Real, Redwood City, CA 94063. On April 1, 2024, I caused to be served a copy of the within document:

### PLAINTIFF'S MOTION TO COMPEL QUALCOMM

by transmitting via electronic mail the document(s) listed above to the electronic email addresses set forth below on this date.

| | |
|---|---|
| David Kays<br>MORGAN FRANICH FREDKIN<br>SIAMAS & KAYS LLP<br>333 W San Carlos St #1050<br>San Jose, CA 95110<br>dkays@mffmlaw.com<br><br>*Attorney for Qualcomm Inc.* | Brian A. Biggs<br>DLA PIPER LLP (US)<br>1201 North Market Street, Suite 2100<br>Wilmington, DE 19801<br>brian.biggs@us.dlapiper.com<br><br>Michael Strapp<br>DLA PIPER LLP (US)<br>33 Arch Street, 26th Floor<br>Boston, MA 02110<br>michael.strapp@us.dlapiper.com<br><br>*Attorneys for Defendant Apple Inc.* |

<u>/s/ Richard Lin</u>
Richard Lin

## <u>**CERTIFICATE OF COMPLIANCE**</u>

I hereby certify that on April 1, 2024, counsel for both TOT Power and

Qualcomm conferred telephonically pursuant to the requirements of Local Rule

26.1(b). During the meet and confer the parties reached an impasse on this issue.

*/s/ Richard Lin*
Richard Lin
